# Richmond.

Rahm v. Klerner & Sons.

December 13, 1900.

1. STATUTE OF FRAUDS—*Contracts not to be Performed Within a Year— Personal Services—Sufficiency of Memorandum—Several Writings—Parol Evidence.*—A contract for personal services which is not to be performed within a year, or some memorandum thereof, must be in writing. A complete contract, however, under the statute of frauds, may be gathered from letters and writings between the parties, if they show their relation to the contract. But if the court cannot ascertain from the letters, or from some other writing therein referred to, the essential terms of the contract, the case is not taken out of the statue. Parol evidence is not admissible to connect the papers, or supply deficiences.

2. STATUTE OF FRAUDS—*Memorandum Case at Bar—Parol Evidence.*— The memorandum necessary to take a case out of the statute of frauds must show every essential term of the agreement, except the consideration. The territory in which plaintiff, a travelling salesman, had the right to sell is one of the essential terms of the contract sued on which cannot be shown by parol.

Error to a judgment of the Circuit Court of the city of Richmond, rendered July 3, 1899, in an action of *assumpsit*, wherein the plaintiff in error was the plaintiff, and the defendants in error were the defendants.

                               *Affirmed.*

The opinion states the case.

*Coke & Pickrell*, for the plaintiff in error.

*Smith, Moncure & Gordon*, for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

This is an action of *assumpsit* brought by the plaintiff in error to recover damages for breach of an alleged contract by which the defendants had agreed to employ the plaintiff as agent to sell their furniture, upon commission, in a certain territory.

As the agreement was not to be performed within a year, it was necessary, under the statute of frauds, that it, or some memorandum thereof, should be in writing. Clause seventh, section 2840, of the Code. To prove his case, the plaintiff introduced in evidence a correspondence between himself and the defendants in reference to his employment. The court being of opinion that the letters submitted to the jury did not show a completed contract, so instructed them, and they found a verdict for the defendants. This action of the court is assigned as error.

It appears that on the 3d day of December, 1897, the plaintiff, who was in the service of the defendants, wrote to them as follows:

"SAVANNAH, GA., Dec. 3, 1897.

*Gents,*—Ship 5-30 in a hurry.          W. E. WIMPY,
                                                            Savannah, Ga.

1-116 Suit Oak......................$80 00
1-116 Suit Imt. Mhy................. 80 00

You will find above party O. K. and will sell a lot of goods, in fact, he seems to be doing all the business here at present. I can refer you to Stille & Dulheimer, Cincinnati, O., who sell him largely. I sell him a great many goods and find him all satisfactory. I am very much pleased with your line, and can promise you some good business as soon as there is anything doing, but just at present the bottom seems to have dropped out almost entirely. To carry your line, I will have to make

some change in what I now carry, but would like to know whether I can count on having the line for 1898, before I turn in two lines I now have; one is Wolkes, and the other is Stolly-Schmidt Furniture Co., Evansville; but would not care to drop Wolkes, unless to retain yours, and be left, but will promise to push yours, as I will have no oak suits of your grade but yours, and only Stille & D. wal. suits, which are all a higher price than yours, except one suit, and this one suit of yours is a much better suit than S. & D. for the money. It is true there are quite a number carrying your line, but, being the last in the field, don't know that I have a right to say anything, but let the future sales tell.

Yours truly,                F. H. RAHM."

To this letter the defendants, on the 6th of the month, replied as follows:

" NEW ALBANY, IND., 12-6, 1897.

F. H. RAHM, Wilmington, N. C.:

Dear Sir,—In reply to yours of the 3d, our intention is for you to carry our line this coming year.

Mr. W. E. Wimpy, Savannah, Ga., has a very poor rating, and is not a desirable customer.

Hoping that you will be able to do some business for us in the coming year, we are,

Yours truly,                H. KLERNER & SONS."

On the 11th of that month, the plaintiff wrote the following letter to the defendants:

" DECEMBER 11, 1897.

Gents,—Yours is to hand and same noted. W. E. Wimpy's order was 5-30, and I will see that he pays the same. I know

his affairs as well as he does himself, and do know him to be all right, notwithstanding his poor rating. I sell him, and have for a long time. I was apprehensive of your not caring to sell him on time, hence made it a cash deal, which you can ship in safety, and I will see that you get your money. I note what is said about the coming year, and may write you more fully in a day or two.          Yours truly,                    F. H. RAHM."

On the 24th of the same month, the plaintiff claims to have written and mailed the following letter to the defendants, the receipt of which is denied by them:

"DEC. 24, '97.

MESSRS. H. KLERNER & SONS:

Gents,—I have just reached home, and in reply will say your proposition for a year's contract is accepted and entirely satisfactory to me. This is much better in this shape, as I can know what to rely on. Wishing you a merry Christmas, coupled with a happy and prosperous new year, beg to remain, with the compliments of the season,     Yours very truly,     F. H. RAHM."

As will be observed, these letters do not state the terms of the contract sued on, but it is insisted that a letter written by the defendants to the plaintiff on the 24th day of the preceding November does contain the terms of the contract under which he was then working, and under which he was to work for the year 1898, and that it must be read with and as a part of the correspondence between the parties in relation to the contract in question.

Whilst it is well settled that a complete contract, binding under the statute of frauds, may be gathered from letters and writings between the parties, the letters and writings of themselves must show their relation to the contract. If the court cannot ascertain from the letters themselves, or from some other

writing therein referred to, the essential terms of the contract, the writing does not take the case out of the statute.

Brown on the Statute of Frauds (5th ed.), section 348, states the rule on the subject as follows: " Where there is more than one signed paper, so many of them as of themselves show their relation to the contract sued upon may be taken together to make the memorandum. But if such relation does not appear from the writings themselves, it cannot be established by extrinsic evidence." See also sections 346b and 347; Reed on Statute of Frauds, sections 341, 344, 346 and 352.

The rule stated by Chancellor Kent as a just deduction from the authorities is, that, unless the essential terms of the sale (or agreement) can be ascertained from the writing itself, or by a reference contained in it to something else, the writing is not a compliance with the statute; and if the agreement be thus defective, it cannot be supplied by parol proof, for that would at once introduce all the mischiefs which the Statute of Frauds and Perjuries was intended to prevent. 2 Kent's Com., 511.

" In order," said Lord Westbury in *Peck* v. *N. S. R. Co.*, 10 House of Lords Cases, 472, 569, "to embody in the letter any other document or memorandum or instrument, so as to make it a part of a special contract contained in that letter, the letter must either set out the writing referred to, or so clearly and definitely refer to the writing that the reference to it becomes part of the instrument it refers to."

In *Hale* v. *Hale*, 90 Va. 728, 731, it was said that "the established rule is that the memorandum of a contract for the sale of real estate, required by the statute, must show either on its face, or by reference to some other writing, the contract between the parties so that it can be understood without having reference to parol proof." See also *Darling* v. *Cummings*, 92 Va. 521.

The letters between the parties, in relation to the contract in question not referring to the letter of November 24th, it could not, perhaps, under the authorities be looked to to ascertain the

terms of the contract relied on. But if the letter of November 24th be considered as a part of the correspondence relating to the contract in question, it does not show all of its terms. The declaration avers that the plaintiff was employed by the defendants to sell their furniture in the territory commonly called and known as the Southern States. The plaintiff was a travelling salesman. The territory in which he had the right to sell was one of the essential terms of the contract, without proof of which he could not recover. There is nothing in the letter of November 24th to show where he was to sell, except it stated that the "parties carrying our line in your territory" were certain designated persons or firms in the States of Virginia, North Carolina, Tennessee, Georgia, Alabama, Mississippi and Louisiana. Whether the plaintiff had the right to sell in South Carolina, Florida, Texas and Arkansas, which are among the States commonly called and known as the Southern States, is not stated. The letter does not state where he was to sell. This defect could not be supplied by parol proof. It was necessary that every essential term of his agreement should be evidenced by a writing, except the consideration. Code, section 2840; Brown on Statute of Frauds, section 371; 1 Reed on Statute of Frauds, section 398; *McLean* v. *Nicoll,* 7 Jurist (N. S.), 999; and having failed to show a completed contract in writing, he was not entitled to recover, and the court did not err in so instructing the jury. Its judgment must, therefore, be affirmed.

*Affirmed.*