JAMES H. LEATHERBEE *vs.* MARY BERNIER.

Suffolk.   November 20, 1902. — January 9, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Frauds, Statute of*, Memorandum.   *Contract*, Making.

Letters, which do not show that the parties ever agreed on the terms of an alleged contract of sale, cannot constitute a sufficient memorandum to satisfy the statute of frauds.

CONTRACT by a commission dealer in bricks and other building materials, against a manufacturer of bricks, for failure to deliver five hundred and fifty thousand bricks under an alleged agreement.   Writ dated September 9, 1901.

At the trial in the Superior Court before *Mason,* C. J., the plaintiff introduced evidence that on November 6, 1899, the plain-

tiff and the defendant entered into an oral contract, the terms of which were stated in a letter of the plaintiff to the defendant dated November 14, 1899.

The following correspondence, relied on by the plaintiff as a memorandum of the oral agreement, was put in evidence :

Exhibit A. "East Bridgewater, Mass., Nov. 9, 99. To Mr. Leatherbee & Co. Dear Sir, — I am ready to ship you bricks for that half million brick if you promise to buy as much Light hard as hards. Yours truly, H. Bernier."

Exhibit B. "Boston, Nov. 14, 1899. H. Bernier, Esq., E. Bridgewater, Mass. Dear Sir, — We accept your offer for 250 M. Hard Up and D. Brick & 300 M. Lt. Hard Brick at $4.90 & $4.15 respectively f. o. b. cars Bridgewater. Please ship at once 2 cars to Rogers Ave. yard N. Y. N. H. & H. R. R. and oblige, Yours Respy., Leatherbee & Co."

Exhibit C. "East Bridgewater, Mass., Nov. 17, 99. — To Mr. Leatherbee & Co. Dear Sir, — I am loding up the cars you have order and will send you the number as soon as they are shipe for prices on bricks. I can not do no better for bodys at $6.50 also for Up and Down $6.00 Lt. Hard $4.50 this price is for winter for what we got on hand when we will begin to make them I will do a little better if there are not any higher. But for the bricks we are loding now I will let them at the same price. For the larger order of 500th it will now be impossible for me to shipe because I have sold 80th to one of our customers & also to another parter for the 75th. I cannot shipe them either because I have n't hardly enough on hand for my costumers in Brockton. Yours truly, H. Bernier."

It was admitted that H. Bernier was the duly authorized agent of the defendant, and that " half million " in Exhibit A, and " 500th " in Exhibit C, had reference to the five hundred and fifty thousand bricks mentioned in Exhibit B. It also appeared that the price was the same as on previous orders.

The judge ruled that upon the evidence there was no sufficient memorandum in writing of the alleged contract signed by the party to be charged or by a person authorized by her. He found for the defendant; and the plaintiff alleged exceptions.

*E. S. Townsend*, for the plaintiff.

*R. W. Nutter*, for the defendant, submitted a brief.

LATHROP, J.    The letters relied on do not show that the parties ever agreed on the terms of the alleged contract of sale. They are therefore not a sufficient memorandum to take the case out of the statute of frauds.

Exhibit B, while purporting to accept an offer, is not responsive to Exhibit A, and apparently refers to some other offer than the conditional one contained in Exhibit A.    Exhibit C refers neither to Exhibit B nor Exhibit A, and apparently refers to another oral communication.    *Oakman* v. *Rogers*, 120 Mass. 214.

*Exceptions overruled.*