# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## JORDAN & DAVIS v. MAHONEY.

### January 14, 1909.

1. STATUTE OF FRAUDS—*Sale of Land—Sufficiency of Memorandum—Case at Bar.*—A letter addressed to a real estate broker who has a lot for sale, authorizing him to purchase the lot at a price stated, and which is exhibited by the broker to the owner of the lot, who accedes to the price mentioned, and writes and signs at the foot of the letter, "I accept the above," is not a sufficient memorandum of a sale of real estate within the meaning of section 2840 of the Code. In order to give the letter any effect, the broker would have to act on the authority given him in the letter by making the purchase and executing, as agent, a memorandum in writing. Unless and until this was done there was no memorandum in writing signed by the person to be charged or his agent.

2. STATUTE OF FRAUDS—*Contract to Sell Land—Several Writings—Extrinsic Evidence.*—Different papers may be referred to in order to show a complete contract for the sale of land under the statute of frauds, but they must of themselves show their relation to the contract sued on, in order that they may be taken together to make the contract. Extrinsic evidence is not permissible to connect another paper with the contract sued on.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk, in an action of assumpsit. Judgment for the plaintiff. Defendants assign error.

*Reversed.*

The opinion states the case.

*R. Randolph Hicks,* for the plaintiff in error.

*G. M. Dillard,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

Edward Mahoney, the defendant in error, placed four lots owned by him in the city of Norfolk, being Nos. 7, 8, 9 and 28 as shown on a certain plat, in the hands of R. L. Forest, a real estate agent, for sale at the price of $3,500.

Forest received from the appellants, Jordan & Davis, the following letter:

"Norfolk, Va., August 8, 1907.

"Mr. R. L. Forest,
    "City.

"Dear Sir:

"We hereby authorize you to purchase lots Nos. 7, 8, 9 and 28 on the Mahoney tract, facing 10th street, near Granby, at the price of $3,000.

"Yours very truly,

"JORDAN & DAVIS."

Upon the receipt of this letter, R. L. Forest called on the defendant in error, who agreed to take the sum of $3,000 for the lots, payable $1,000 cash and the residue in equal payments at one and two years; and thereupon the following endorsement was made by the defendant in error on the bottom of said letter:

"I accept the above.

"E. MAHONEY."

In October, 1907, the defendant in error tendered the plaintiffs in error a deed, which they declined to accept; and thereupon this action of trespass on the case in assumpsit was brought, and under the instructions of the court a verdict was

rendered for the alleged purchase price of the lots. The rulings of the lower court, upon the trial, are called in question by this writ of error.

The letter of August 8, 1907, from the plaintiffs in error to R. L. Forest, the real estate agent, with the acceptance endorsed thereon by E. Mahoney, was introduced in evidence and relied on as a sufficient written memorandum of the alleged sale of lots to sustain this action on the part of the plaintiff. The sufficiency of this letter, with the endorsement thereon, as evidence of a written contract between the parties, was raised by objection to its introduction, and also by an instruction asked for by the defendants, which was refused.

The Code, sec. 2840, provides, that no action shall be brought upon any contract for the sale of real estate, unless such contract, or some memorandum or note thereof, be in writing and signed by the party to be charged thereby or his agent.

It is manifest from the most casual reading, that the letter here relied on is not a contract for the sale of real estate, but merely authority given by Messrs. Jordan & Davis to R. L. Forest to buy certain lots for them. The letter authorized R. L. Forest to make a purchase, but to give the letter any effect Forest would have to act on the authority given him in the letter, by making the purchase and executing himself, as agent, a memorandum in writing. Until he did this it is clear that no memorandum in writing of the alleged sale had been made and signed, either by the person to be charged or his agent. The fact that the letter authorizes a purchase in the future shows conclusively that no sale had been made.

It cannot be successfully contended that an authority to purchase is in effect a purchase. If when the letter left the hands of the plaintiffs in error it was not a promise to purchase, it never became one, and the endorsement, "I accept the above," put thereon by the alleged vendor, imparted no new quality to the letter, and gave it no additional force.

The defendant in error seeks to strengthen his position by reliance upon a letter dated August 28, 1907, from the plaintiffs in error to him.    This letter was allowed to go to the jury over the objection of the defendants, not as proof of the contract, but as showing what occurred.    It is true that different papers may be referred to in order to show the alleged agreement, but they must of themselves show their relation to the contract sued on, in order that they may be taken together to make the memorandum.    *Rahm* v. *Klerner,* 99 Va. 10, 37 S. E. 292.    The letter of August 28, 1907, does not refer to any purchase and makes no allusion to any sale.    All it states is that the attorney of Jordan & Davis was absent from the city, and that he was expected back on Thursday of that week, when the writer would make an effort to have him examine the title to four lots on 10th street.    This letter cannot be connected with the alleged contract except by extrinsic evidence, which is not permissible.    *Rahm* v. *Klerner, supra.*

We are of opinion that the letter of August 8, 1907, was not a sufficient memorandum in writing to sustain this action on the part of the plaintiff, and that the court erred in admitting the same in evidence over the objection of the defendants.

In this view of the case, it is unnecessary to consider other assignments of error.

The judgment complained of must be reversed, the verdict of the jury set aside and the case remanded for a new trial, not in conflict with the views herein expressed.

*Reversed.*