Graham *v.* Henderson Elevator Co.—60 Ind. App. 697.

# GRAHAM *v.* HENDERSON ELEVATOR COMPANY.

[No. 8,939. Filed February 3, 1916.]

1. PLEADING.—*Complaint.—Initial Attack on Appeal.*—The sufficiency of a complaint can not be questioned for the first time on appeal under §348 Burns 1914, Acts 1911 p. 415. p. 699.

2. APPEAL.—*Assignment of Errors.—Sufficiency.*—Assignments of error dealing with abstract propositions of law, questions of fact and argument, present nothing for review. p. 699.

3. APPEAL.—*Assignment of Errors.—Matters Assignable.*—That the evidence is not sufficient is not the subject of an independent assignment of error on appeal. p. 699.

4. APPEAL.—*Briefs.—Waiver of Error.*—Questions arising on alleged error and not referred to under points and authorities in appellant's brief are waived. p. 699.

5. PLEADING.—*Complaint.—Theory.*—The theory of a complaint is to be determined from its general scope and tenor and not from fragmentary statements, detached parts or conclusions of the pleader, and that theory will be adopted which is most apparent and clearly outlined by the leading averments. p. 701.

6. SALES.—*Action for Breach of Contract.—Complaint.*—A complaint alleging that certain letters therein set out relative to a sale of corn had passed between plaintiff and defendant, that thereafter plaintiff's representative examined the corn, and that plaintiff and defendant "entered into the agreement as aforesaid" whereby defendant agreed to deliver to plaintiff a specified quantity of corn on terms therein specified, was on the theory of an action for the breach of a written contract evidenced by such letters, there being no other "agreement" alleged. p. 701.

7. FRAUDS, STATUTE OF,—*Sufficiency of Memorandum.—Sales of Goods.*—A letter from defendant dated February 1, asking plaintiff's best offer on 15,000 bushels of corn, a letter from plaintiff dated March 22, referring to conversation of the same day and confirming the purchase of 10,000 bushels of corn to be inspected by plaintiff's agent, and a letter from defendant dated March 25, asking plaintiff to send its agent as soon as weather would permit so that corn could be loaded, did not constitute sufficient memoranda to avoid the statute of frauds, since, unaided by parol evidence, they did not disclose the terms of the alleged sale or warrant the inference that the minds of the contracting parties ever met upon the terms in the letter of March 22. pp. 702, 703.

8. FRAUDS, STATUTE OF.—*Sufficiency of Memorandum.—Sales of Goods.*—The memorandum relied on to except a sale of goods from the statute of frauds may consist of letters or other writings signed by the party to be bound, and may be aided by reference to other

writings constituting a part of the contract, but to be sufficient all the essential elements of the alleged contract must appear therefrom without resort to parol testimony. p. 703.

9. FRAUDS, STATUTE OF.—*Memorandum.*—"*Party to be Charged*".— The "party to be charged", under the statute of frauds, means the defendant to the action, and the memorandum must be signed by him, though it need not necessarily be signed by the plaintiff. p.703.

10. FRAUDS, STATUTE OF.—*Sufficiency of Memorandum.—Sales of Goods.*—Where the party against whom liability is sought to be enforced has not signed a memorandum containing the essential elements of a contract of sale, but has signed another instrument or writing in which it is claimed such reference is made to the memorandum as to amount to an adoption and acceptance of the terms thereof, such signed instrument, to be sufficient under the statute, must contain a clear and definite reference to such memorandum and so identify it as to make its provisions a part of the signed instrument. p. 703.

11. FRAUDS, STATUTE OF.—*Memorandum.—Parol Evidence.*—Parol evidence may be heard to apply a contract required by the statute of frauds to be in writing to its subject-matter, or to explain latent ambiguities, but not to supply facts to show the existence of the contract or to supply any of its terms. p. 707.

12. CONTRACTS.—*Letters.—Evidence.*—Proof that a letter was dictated on a certain date and that the writer had a telephone conversation with the addressee, as therein mentioned, was insufficient to warrant the consideration of such letter as one of a series constituting the alleged contract of the parties, in the absence of proof that such letter was actually mailed. p. 707.

13. FRAUDS, STATUTE OF.—*Pleading.*—Where a parol contract of sale within the statute of frauds is relied on by plaintiff, the defendant may claim the benefit of the statute under the issue formed by the general denial, without pleading the statute specially. p. 707.

From Daviess Circuit Court; *James W. Ogdon,* Judge.

Action by the Henderson Elevator Company against Ziba F. Graham. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Alvin Padgett, W. R. Gardiner, C. K. Tharp* and *C. G. Gardiner,* for appellant.

*T. D. Slimp, M. S. Hastings, J. G. Allen, E. E. Hastings,* and *A. W. Allen,* for appellee.

FELT, P. J.—Appellee recovered a judgment against appellant for damages for breach of con-

tract for the sale of corn. In appellant's brief under the title "Errors Relied Upon" six specifications are enumerated. The first seeks to question the sufficiency of the complaint for the first time in this court, and, therefore, presents no question. §348 Burns 1914, Acts 1911 p. 415; State, ex rel. v. Bartholomew (1911), 176 Ind. 182, 185, 95 N. E. 417, Ann. Cas. 1914 B 91; Robinson v. State (1912), 177 Ind. 263, 266, 97 N. E. 929. The second, third and sixth specifications of errors relied on deal with abstract propositions of law, questions of fact and argument, but bear no resemblance to a specification of error. The fourth states that the evidence is not sufficient to sustain the finding and would, in certain instances, be appropriate ground for a motion for a new trial, but is not proper as an independent assignment of error. The fifth specification of error is that the court erred in overruling appellant's motion for a new trial. Under propositions or points and authorities, the only question mentioned that, by the most liberal construction, can refer to the motion for a new trial mentions the insufficiency of the evidence to support the finding, and all others are, therefore, waived. Rook v. Strauss Bros. Co. (1915), 58 Ind. App. 82, 107 N. E. 692, and cases cited; White v. State (1915), 182 Ind. 686, 107 N. E. 674; Ward v. State (1913), 179 Ind. 524, 526, 101 N. E. 809; Cleveland, etc., R. Co. v. Beard (1913), 52 Ind. App. 105, 100 N. E. 392; Palmer v. Beall (1915), ante 208, 110 N. E. 218. The briefs show that a new trial was asked on two grounds, viz., (1) the decision of the court is not sustained by sufficient evidence and (2) is contrary to law.

To determine the questions presented we must

first ascertain the theory of the complaint. The complaint is in one paragraph and alleges in substance that the plaintiff is a corporation organized under the laws of the state of Kentucky; "that on February 1, 1913, the defendant, in writing, proposed to sell to the plaintiff fifteen thousand bushels of corn, which proposal in writing is as follows:

'Washington, Ind., 2-1-13.
Henderson Elevator Co., Henderson, Ky. Gentlemen: Please make us your best offer on fifteen thousand bushels pure white corn loaded here and on the same basis we sold you last year. This corn is even higher in quality and conditions than that we sold last year. Be sure the price you offer is your best. Yours truly, The Graham Farms. R. A. Graham.'

That on March 22, 1913, the plaintiff made an offer in writing, to purchase ten thousand bushels from defendant, which offer in writing is as follows: * * *

'Henderson, Ky., March 22, 1913.
R. A. Graham, Washington, Ind. Dear Sir: Referring to conversation had today with you over the phone we are pleased to confirm the purchase from you of ten thousand bushels white corn in ear 70 lbs. to the bushel at 50 cents f. o. b. your station. Same terms as before, that is we are to furnish a man to weigh the corn and our Mr. R. L. Williams is to examine it before being loaded. As advised you, just as soon as we can possibly get him there, we will do so. Yours truly, Henderson Elevator Co. W. A. Williams, Gen'l Mgr.'

That on March 25, 1913, the defendant accepted the said written offer of the plaintiff, which acceptance in writing is as follows:

'Loogootee, Ind. 3-25-13.
Mr. Williams, Henderson Elevator Co., Henderson, Ky. Dear Sir: Please have your Mr.

Robert Williams come down as soon as weather will permit as we want to load this corn out on short order when roads will allow hauling. We are certainly having some flood in this section. With best wishes we are, Yours truly, The Graham Farms, by R. A. Graham, General Manager.'

That the said The Graham Farms was in fact the defendant, and the said R. A. Graham and R. A. Graham, General Manager, being the same person, was the agent of the defendant; that on April 14, 1913, the said R. L. Williams and Robt. Williams, being the same person, examined the corn; that the plaintiff and defendant entered into the agreement, as aforesaid, whereby the defendant agreed to deliver to the plaintiff ten thousand bushels of white corn at fifty cents a bushel f. o. b. at Graham's station on the Chicago, Eastern Illinois Railroad in Daviess County, Indiana; that the said corn was to be delivered as aforesaid, as soon as cars could be procured in which to load the same, and the plaintiff was to pay therefor on delivery." The other averments charge performance on the part of appellee and refusal to perform on the part of appellant; that on April 11 and 14, 1913, appellee was ready, willing and able to receive and pay for the corn and so notified appellant. Prayer for damages in the sum of $1,000.

The theory of a complaint is to be determined from the general scope and tenor of its averments and not from fragmentary statements, detached parts or conclusions of the pleader. That theory will be adopted which is most apparent and clearly outlined by the leading averments. *Osborn* v. *Adams Brick Co.* (1913), 52 Ind. App. 175, 182, 99 N. E. 530, 100 N. E. 472. Judged by this rule, appellee's complaint is to

recover for the breach of a written contract evidenced by the several instruments set out in the pleadings for it is averred that the parties "entered into the agreement, as aforesaid", and there is no agreement aforesaid unless the writings set out show an agreement. There is no claim that anything was done under the contract to take it out of the operation of the statute, if the statute may be invoked under the issues. On this theory of the case, the sufficiency of the memoranda to take the

7.   case out of the statute of frauds depends upon the meaning and effect of the writings set out in and made a part of the complaint. Appellee's letter of March 22, 1913, shows on its face that it has no reference to appellant's letter of February 1, 1913, but on the other hand refers to a conversation over the telephone about the sale of a different amount of corn. Appellee contends that appellant's letter of March 25, 1913, is an acceptance of its offer to buy 10,000 bushels of corn at 50 cents per bushel of 70 lbs. Appellant contends that the letter of March 25 has no reference to the letter of March 22, for the reason he had not then received it, knew nothing of it, and in fact did not know of its existence until April 8, 1913. Looking to the complaint, it appears that the only writing signed by appellant that is relied on to take the case out of the statute of frauds, is the communication dated March 25, 1913. It makes no reference to appellee's letter of March 22, 1913, and without resort to parol proof it can not be known that it was written in answer to the letter of March 22, 1913, or that it was intended as an acceptance of the proposition to buy 10,000 bushels of corn on the terms stipulated in appellee's letter of March 22. The memoranda relied on to take the transaction out of the statute of frauds may con-

sist of letters or other writings signed by the
8.   party to be bound and may be aided by reference to other writings constituting a part of the
contract, but the memoranda so relied on, whether
consisting of a single writing or different writings
thus made one, by reference from one to the other,
must contain all the essential elements of the alleged contract, and in a suit to recover on such contract, recourse to parol evidence is not allowed to
supply any essential ingredient or element of the
contract. *Porter* v. *Patterson* (1908), 42 Ind. App.
404, 409, 85 N. E. 797, and cases cited; *Moulton* v.
*Kershaw* (1884), 59 Wis. 316, 18 N. W. 172, 48
Am. Rep. 516; *Rector* v. *Sauer* (1891), 69 Miss. 235,
13 South. 623; *Penn-American, etc., Co.* v. *Harshaw,
etc., Co.* (1910), 46 Ind. App. 645, 649, 90 N. E.
1047; *Pierce* v. *Corf* (1874), L. R. 9 Q. B. 210;
12 Ency. Evidence 18, and cases cited in note 58;
1 Mechem, Sales §§422-428; 1 Greenleaf, Evidence
268; *Leatherbee* v. *Bernier* (1903), 182 Mass. 507, 65
N. E. 842. "The party to be charged", under the
statute of frauds, means the defendant to the
9.   action. The memorandum must be signed by
him but need not, necessarily be signed by the
plaintiff in the suit. *Newby* v. *Rogers* (1872), 40
Ind. 9, 12; 20 Cyc 272. Where it is sought to enforce a contract alleged to be evidenced by a
10.  memorandum sufficient to take it out of the
operation of the statute of frauds, or to hold a
party liable in damages for a breach of the alleged
contract, and the party against whom liability
is sought to be enforced has not signed any memorandum containing the essential elements of the contract, but has signed another instrument or writing
in which it is claimed such reference is made to the
former as to amount to an adoption and acceptance
of the terms thereof, to be sufficient under the

statute (§7469 Burns 1914, §4910 R. S. 1881) the signed memorandum or instrument must contain a clear and definite reference to such other writing or instrument and so identify it as to make its provisions a part of the signed memorandum or instrument relied on. *Ridgway* v. *Ingram* (1875), 50 Ind. 145, 147, 19 Am. Rep. 706; *Pulse* v. *Miller* (1881), 81 Ind. 190, 191; *Thayer* v. *Luce* (1871), 22 Ohio St. 62, 64; *Jordan & Davis* v. *Mahoney* (1909), 109 Va. 133, 136, 63 S. E. 467; *Rahm* v. *Klerner* (1900), 99 Va. 10, 14, 37 S. E. 292; *Williams* v. *Morris* (1877), 95 U. S. 444, 24 L. Ed. 360, 362; *Roaring Spring, etc., Co.* v. *Lesser* (1912), 133 N. Y. Supp. 1032, 1033; *Willis* v. *Ellis* (1910), 98 Miss. 197, 207, 53 South. 498, Ann. Cas. 1913 A 1039; *Swallow* v. *Strong* (1901), 83 Minn. 87, 92, 85 N. W. 942; *Pierce* v. *Corf, supra; Wills* v. *Ross* (1881), 77 Ind. 1, 12, 13, 40 Am. Rep. 279; *Taylor* v. *Smith* (1893), 2 Q. B. 65, 69; 20 Cyc 10, and cases cited in note 10; 1 Reed, Stat. of Frauds §§343, 344. In *Ridgway* v. *Ingram, supra,* our Supreme Court said: "It seems to be well settled, that a memorandum, in order to make another writing a part thereof, so as to constitute a part of the contract, must refer to such other writing; and, that parol proof of the connection of the papers is not admissible to establish a contract required by the statute of frauds to be in writing." In *Pulse* v. *Miller, supra,* the court said: "It is not necessary that the description should be contained in one of a series of instruments; if, taking all the instruments in the series together, the description appears, it will be sufficient. In order that this should be so, the instrument containing the description must be clearly referred to and identified by the contract signed by the party sought to be charged." In *Johnson & Miller* v. *Buck* (1892), 35 N. J. L. 338, 344, 10

Am. Rep. 243, the rule is stated as follows: "It is not essential that the whole bargain be contained in one memorandum. It will be sufficient to satisfy the statute if its terms can be gathered from two or more detached papers, if the signed memorandum contains such reference to the other papers as to make the latter a part of the former. The connection between the signed and unsigned papers can not be made by parol evidence that they were actually intended by the parties to be read together, or of facts and circumstances from which such intention may be inferred. The connection between them must appear by internal evidence derived from the signed memorandum. Parol testimony will be received only for the purpose of interpretation or explanation, where technical terms are employed, or to identify papers which, by a reference in the signed memorandum, are made parts of it. * * * In moving judgment affirming the decision of the Queen's bench, which had been reversed in the Exchequer Chamber, Lord Westbury said: 'In order to embody in the letter any other document or memorandum, or instrument in writing, so as to make it a part of a special contract contained in that letter, the letter must either set out the writing referred to, or so clearly or definitely refer to the writing that by force of the reference the writing itself becomes a part of the instrument which refers to it.' ". In Browne, Stat. of Frauds, §§345a, 346b, 348 it is said: "The note or memorandum of the oral contract which the statute requires is some writing, authenticated by the signature of the party to be charged upon the contract, or of his agent, and containing, either in terms or by incorporation of other writing referred to in it, a statement of the terms of the contract and the parties to it.

\* \* \* It is often the case that the terms of the contract are not all contained in any one paper. The question then arises, under what circumstances two or more papers can be offered in evidence as together constituting the memorandum, one only or all being signed, as the case may be. With regard to the first case, the rule is that the letter or other paper that is signed is to be regarded as incorporating and reciting any other writing referred to in it. \* \* \* Where there is more than one signed paper, so many of them as of themselves show their relation to the contract sued upon may be taken together to make the memorandum. But if such relation does not appear from the writings themselves, it cannot be established by extrinsic evidence." In *Wright* v. *Weeks* (1862), 25 N. Y. 153, 160, it is said: "So an agreement need not be perfect by itself. It may be made certain and definite, and thus valid, under the statute, by reference to another writing, as well as incorporating the entire contract in one paper. But the reference must be to another paper, and so distinct as to make that paper a part of the contract itself. (*Kenworthy* v. *Schofield* [1824] 2 Barn. & Cr. 945). The parties cannot unite two papers, so as to make them unitedly constitute a valid contract, unless they are physically joined, or the intention to unite them appears on the face of the papers. If the connection between two papers depend upon verbal testimony, or if the reference in the written memorandum is to something verbal, the whole evil intended to be remedied by the statute will be experienced. " In *Brown* v. *Whipple* (1877), 58 N. H. 229, it is said: "Unless the essential terms of the sale can be ascertained from the writing itself or by reference in it to something else, the writing is not a compliance with the statute \* \* \* . A defective reference can no more

be cured by parol than any other defective part of
the memorandum.   *  *  *  But the question is,
not whether there is an infinitesimal or other amount
of circumstancial evidence from which a jury may
find the fact not stated in writings, but whether
the court does find, upon a fair legal construction of
the writings, that the fact is stated in them.''

Parol testimony may be heard to apply the con-
tract to its subject-matter, or to explain latent
ambiguities, but not to supply facts to show
the existence of the contract or to supply any
of its terms. *Wills* v. *Ross, supra; Porter* v.
*Patterson, supra; Williams* v. *Morris, supra; Swal-
low* v. *Strong, supra; Brown* v. *Whipple, supra;* 12
Ency. Evidence 18, note 58.   The writings in this
case unaided by parol evidence, are insuffi-
cient to show the terms of the alleged sale or
to warrant the inference that the minds of the
contracting parties ever met upon the terms proposed
in appellee's letter of March 22, 1913, or, in other
words to show a contract.   Therefore, the de-
cision of the trial court is not sustained by sufficient
evidence and is contrary to law.   But if it could
be held that the memoranda relied on are suffi-
cient, the appellee has failed in its proof.
There is no evidence that the letter of March
22 was mailed.   Proof that it was dictated on
March 22 and that there was a telephone conversa-
tion on that day between appellant and W. A.
Williams falls short of the necessary proof.   16
Cyc 1068, 1069.   But if the suit is not one for dam-
ages for the breach of a contract evidenced by a
writing sufficient to take the case out of the
statute of frauds, but for damages for breach
of a parol contract of sale, which we do not
hold, still the judgment must be reversed for the
reason that appellant may claim the benefit of the

statute of frauds, under the issue formed by the general denial to the complaint, without pleading the statute specially. 1 Works' Practice §627; *Suman* v. *Springate* (1879), 67 Ind. 115, 122; *Indiana Trust Co.* v. *Finitzer* (1903), 160 Ind. 647, 651, 67 N. E. 520; *Fall* v. *Hazelrigg* (1874), 45 Ind. 576, 580, 15 Am. Rep. 278; *Crum* v. *Yundt* (1895), 12 Ind. App. 308, 311, 40 N. E. 79. There is no contention but that the amount involved in the alleged sale is sufficient to render the contract unenforcible under our statute (§7469 Burns 1914, *supra*), if the statute may be invoked without pleading it. Therefore, viewing the alleged sale as evidenced by a parol agreement, the evidence is insufficient to support the finding since under the foregoing authorities appellant may claim the benefit of the statute of frauds without pleading it specially, and by failing so to do has not waived his right to claim its benefits under the issues in this case. The judgment is, therefore, reversed with instructions to sustain the motion for a new trial and for further proceedings not inconsistent with this opinion.

Ibach, C. J., Moran, Caldwell, Shea and Hottel, JJ., concur.

Note.—Reported in 111 N. E. 332. As to when title to goods passes to buyer, see 138 Am. St. 905. As to who must sign note or memorandum of executory contract for the sale of real property or chattels within the statute of fraud see 28 L. R. A. (N. S.) 680; 43 L. R. A. (N. S.) 410. For a discussion of several writings as amounting to a memorandum within the statute of frauds, see 2 Ann. Cas. 293; 19 Am. Cas. 1162; Ann. Cas. 1914 C 1010. As to sufficiency of signature by one party only to memorandum required by statute of frauds, see 3 Ann. Cas. 1036; 13 Ann. Cas. 1121; Ann. Cas. 1912 C 416. As to necessity of pleading the statute of frauds specially where defendant denies contract, see Ann. Cas. 1912 D 46. See, also, under (1) 3 C. J. 779; 2 Cyc 689; (2) 3 C. J. 1357; 2 Cyc 987; (3) 3 C. J. 1389; 2 Cyc 999; (4) 3 C. J. 1410; 2 Cyc 1014; (5) 31 Cyc 84; (6) 35 Cyc 623; (7) 20 Cyc 258; 261; (8) 20 Cyc 254, 258; (9) 20 Cyc 272; (10) 20 Cyc 278; (11) 20 Cyc 317; (12) 17 Cyc 412; (13) 20 Cyc 312.