# CHARLESTON.

MILTON BRADLEY CO. v. EARL C. MOORE & MARGARET MOORE.

Submitted April 25, 1922.        Decided May 2, 1922.

1.  FRAUDS, STATUTE OF—*Agreement Must be Certain in Itself or Ascertainable with Reasonable Certainty, by Reference ,to Something Else.*

    An agreement required by the statute of frauds to be in writing must be certain in itself or capable of being made so by reference to something else, whereby its terms can be ascertained with reasonable certainty. (p. 80).

2.  SAME—*Memorandum Must Contain Every Essential Element of Agreement Except Consideration.*

    A memorandum in writing relied on to take a contract out of the operation of the statute must contain every essential element of the agreement, except it need not state the consideration. (p. 80).

3.  SAME—*Wife's Signed Agreement to Assist in Paying Husband's Account Held Void for Uncertainty.*

    Where a husband owed plaintiff a definite sum of money on open account, and wrote a letter to plaintiff promising payment in installments, saying "my wife will also help pay this account," she "has property here and will help me pay this," and such letter is signed by both husband and wife, the wife is not bound to pay the account; her promise is void for uncertainty. (p. 80).

(LIVELY, JUDGE, absent.)

Error to Circuit Court, Cabell County.

Action by Milton Bradley Company against Earl C. Moore and another. Judgment for plaintiff, and defendant Margaret Moore brings error.

*Reversed, and judgment for defendants.*

*Daugherty & Young*, for plaintiff in error.
*Simms & Staker*, for defendant in error.

MEREDITH, JUDGE:

Plaintiff brought its action in assumpsit against Earl C. Moore and Margaret Moore for the recovery of $483.66, balance on account. The declaration contains the common counts and a special count in which it is alleged that the defendants "by a writing obligatory, promised and agreed to pay to plaintiff the sum of money found to be due from the defendants to the plaintiff on an account then and there standing between them, and did agree and promise to pay by said writing obligatory the sum of $483.66." Judgment by default was entered against both defendants, but on application of Margaret Moore it was set aside as to her and she was permitted to plead. She pleaded non-assumpsit, issue was joined thereon, and the case was tried by the court in lieu of a jury. Judgment was entered for plaintiff, and Margaret Moore prosecutes this writ of error.

Earl C. Moore was a teacher employed in one of the public schools in Huntington, and during his summer vacations engaged in selling books for the plaintiff, a publisher of educational books in Philadelphia. The exact terms of the contract with plaintiff are not shown, but about May 30, 1919, he was indebted to plaintiff on account in the sum of $533.66 for books. Plaintiff had been unable to collect its account from him and complained to the members of the Board of Education that employed him. By that means it undertook to exert pressure upon him and enforce payment. It appears that owing to plaintiff's complaints to the Board about Moore's failure to pay, there was little prospect of his re-employment by the Board for the next

school term.   His wife, Margaret Moore, had some property;
Moore probably had none; he was anxious to be re-employed
by the Board.   Doubtless his wife shared in this anxiety.
On May 30, 1919, the following letter was written by Moore
to the plaintiff:

"Huntington, W. Va.

May 30, 1919.

Mr. Milton-Bradley Co.
Philadelphia, Pa.

Dear Sirs:—I am enclosing your check for fifty dollars
payable June 13th.   I will send you payment each month
until acct is paid in full.   My wife will also help pay
this account.   Please write the School Board and say that
I am adjusting your account satisfactory otherwise I will
lose my position and could not pay you.

I know this should have been paid sooner so please
write to Mr. H. C. Walburn and say that we have adjusted
your account satisfactory, Mrs. Moore has property here
and will help me pay this now please don't delay this
letter otherwise you and I will both lose.   This letter must
be here this week or it will be too late.   Please send me
copy of your letter.   Please send special delivery.

Yours,

EARL C. MOORE.
MRS. MARGARET MOORE."

This is the "writing obligatory" mentioned in the special
count in the declaration.   Of course it is mis-named.   A
writing obligatory is an instrument under seal.   But ad-
mitting that Margaret Moore signed this letter, and this
is not denied by her, and that the letter was properly in
evidence, though its introduction was not proper because of
the variance between the pleading and proof, is it a con-
tract which binds her to pay the debt sued on?   This debt
was her husband's debt.   She owed no part of it.   She did

not buy the merchandise nor was credit extended to her. He was the sole debtor. The letter on its face discloses that it was written by her husband; it is his language. The Mr. Walburn mentioned in the letter was the President of the Board of Education. Moore says he, not his wife, will send payment each month until the account is paid in full. He says: "My wife will also help pay this account. * * * Mrs. Moore has property here and will help me pay this." True, she signed the letter; but it does not say how much she would help, whether much or little; nor does it say how she will help, whether by payment of money or in some other manner. It may be conceded that she knew the amount of the account, but her promise contained in the letter is altogether too indefinite and uncertain to bind her to the payment of plaintiff's account. This is the only promise she made, if it can be called a promise. She did not promise to help the plaintiff, but to help her husband, to assist him to pay. "Every agreement required by the statute of frauds to be in writing must be certain in itself or capable of being made so by reference to something else, whereby the terms can be ascertained with reasonable certainty." *White* v. *Core*, 20 W. Va. 272; *Rahm* v. *Klerner*, 99 Va. 10, 37 S. E. 292; 27 C. J. page 309, and authorities there cited. It is insisted by counsel for plaintiff that the letter signed by her is a sufficient memorandum to take the contract out of the operation of the statute of frauds; that the account is referred to in it and that she knew the amount, and that this is enough. That might be true, if she had promised to pay it, but that promise she did not make. Her husband promised to pay; she only promised to help. It is essential for the memorandum relied on to take the contract out of the operation of the statute that it contain every essential element of the agreement, except under our statute it need not state the consideration. In all other respects it must be a valid common law contract, having the element of certainty. Of course, that is certain which may be made certain, but there is nothing in the record by which the amount she was to pay, if anything, can be ascertained. Take the letter, all the attendant

circumstances, and assume that she knew the exact amount her husband owed, yet this    element    of uncertainty remains, and because of this we hold this supposed contract void, and she is not liable thereon to the plaintiff.    We, therefore, reverse the judgment, set aside the findings of the circuit court, and judgment that plaintiff take nothing will be entered here.

*Reversed, and judgment for defendants.*