## CIRCUIT COURT OF FAIRFAX COUNTY

Midlantic Commercial Leasing Corp.

v.

Donaldson et al.

March 14, 1994

Case No. (Law) 121393

BY JUDGE STANLEY P. KLEIN

This matter is before the Court on Motions for Summary Judgment filed by Defendants Allan Lee Bullman, Terri A. Bullman, and Reinhard G. Tomasch. The Court has considered all the parties' memoranda and the authorities cited therein. For the reasons set forth hereinafter, Defendants' Motions for Summary Judgment are granted.

Plaintiff (Midlantic) brought suit against six defendants seeking to enforce several signed guaranty agreements. Plaintiff argues that the guaranty agreements signed by the Defendants bound them to guarantee obligations arising under two lease agreements entered into between Midlantic and two lessee corporations, Telesystems Source, Inc., and International Telesystems Corporation.[1]

Virginia Code § 11-2(4) requires that promises to answer for the debt of another be in writing and signed by the party to be charged. "While the Statute of Frauds does not require that the complete agreement between the parties show on the face of the signed writing, the *nature* and *extent* of the undertaking, including the essential promise to pay the debt of another, must so appear or the agreement is not enforceable." *American Indus. v. First & Merchants*, 216 Va. 396, 399 (1975) (emphasis added).

The guaranty agreements signed by Allan Lee Bullman, Terri A. Bullman, and Reinhard G. Tomasch do not include the name of the principal debtor whose debts and obligations were allegedly secured by each guar-

---

[1] At oral argument, Plaintiff nonsuited Count II of Plaintiff's Motion for Judgment which sought recovery of amounts allegedly due and owing under the International Telesystems Corporation lease.

anty agreement. Further, the agreements do not make reference to any other writings which contain terms sufficient to satisfy Virginia Code § 11-2(4). In sum, the Defendants' respective guaranty agreements provide absolutely no written evidence of the nature and extent of the undertaking involved as required by Virginia Code § 11-2(4) and *American Indus*. The guaranty agreements could easily be construed to apply to virtually any or all of Plaintiff's debtors without limitation. Parol evidence, either written or oral, cannot be introduced to supply terms required to be in writing by the Statute of Frauds. *Rahm v. Kerner*, 99 Va. 10, 14 (1900). Accordingly, the Defendants' guaranty agreements are not enforceable, and Defendants' Motions for Summary Judgment are granted.