## SCHOOL CITY OF EVANSVILLE v. HICKMAN.

[No. 6,917.    Filed April 26, 1911.]

1. SCHOOLS.—*Teachers.*—*Wages.*—The minimum wages of school teachers are regulated by penal statutes (§§6596, 6598 Burns 1908. Acts 1903 p. 528, §§1, 3). p. 502.

2. CONTRACTS.—*Illegal.*—*Reformation.*—Illegal and void contracts cannot be reformed. p. 503.

3. CONTRACTS.—*Void.*—*What are.*—A contract which involves the doing of an act *malum in se*, against public policy, or in violation of a statute, is void. p. 503.

4. CONTRACTS.—*Prohibited by Statutory Penalty.*—*Enforcement of.*—A contract in violation of a statute which penalizes one party for the protection of another will be so construed, and it may be enforced in favor of the party whom the statute seeks to protect. p. 503.

5. CONTRACTS. — *Teachers' Wages.* — *Schools.* — *Statutes.* — Under §6596 Burns 1908, Acts 1903 p. 528, §1, providing that the daily wages of school teachers shall not be less than a certain sum, and §6598 Burns 1908, Acts 1903 p. 528, §3, making it a misdemeanor for any school officer to violate any of the provisions of the foregoing statute, a contract to teach for less than the statutory sum can be enforced by the teacher for the minimum sum provided by statute, the provision for receiving less being void, and the law writing into the contract the statutory minimum wages. pp. 503, 505, 507.

6. SCHOOLS.—*Teachers' Wages.*—*Contracts.*—*Parties.*—*In Pari Delicto.*—A school teacher who contracts with a school officer to

teach for less than the minimum wages provided by statute (§6596 Burns 1908, Acts 1903 p. 528, §1) is not *in pari delicto* with such officer, and such teacher may enforce the contract for the minimum statutory amount. p. 504.

7. CONTRACTS. — *Reformation.* — *Schools.* — *Teachers.* — A school teacher's contract that provided, by mistake, for the teaching of a school in 1902 may be reformed, in accord with the truth, to show that the school was to be taught in 1905. p. 505.

8. SCHOOLS. —*Teachers.*—*Contracts.*—*Written.*—*Recovery.*—School teachers' contracts must be in writing; and no action lies upon an oral contract or upon the *quantum meruit.* p. 505.

From Superior Court of Vanderburgh County; *Alexander Gilchrist,* Judge.

Action by Sadie Hickman against the School City of Evansville. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Albert J. Veneman,* for appellant.

*William Reister,* for appellee.

LAIRY, P. J.—This was an action brought by appellee against appellant to recover $105, which she claims to be due to her for teaching in the public schools of the city of Evansville, Indiana, for the school year beginning September 1, 1905. It appears from the complaint that appellee entered into a written contract with appellant to teach during said school term of ten months, at a salary of $35 a month, and that in pursuance of said contract she taught in one of the schools of said city for the term of ten months, and was paid the sum of $350; that, previous to the time of entering into said contract, appellee had taught one term of school, and at the time she entered into said contract she was the holder of a teacher's license, having a general average of ninety-one per cent; that by mutual mistake of both parties, and by mistake of the scrivener, the printed date, 1902, remained in the contract as the year in which said school term was to commence, when it was intended by both parties that the contract was to apply to the school term

beginning in 1905, and that the date 1905 was intended to be used, instead of the date 1902, as printed in said contract. There was a prayer that the contract be corrected in this particular.

The minimum wages of teachers in the public schools of this State are regulated by statute. The statute in force at the time this contract was entered into provides 1. that "after the first school term of any teacher, said teacher's daily wages shall not be less than an amount determined by multiplying two and one-half cents by the general average of scholarship and success given the teacher on his highest grade of license at the time of contracting." §6596 Burns 1908, Acts 1903 p. 528, §1. The statute also provides that "all school officers shall comply with the provisions of this act, and shall pay the teachers employed by them no less than such amount as shall be determined by sections one and two of this act. School officers who shall be adjudged guilty of violating any of the provisions of this act shall be fined in any amount not exceeding $100 for such offense." §6598 Burns 1908, Acts 1903 p. 528, §3.

A demurrer to the complaint was overruled, and the case was tried by the court, resulting in a finding and judgment in favor of appellee for $105. Appellant filed a motion for a new trial, on the grounds that the decision of the court was not sustained by the evidence and was contrary to law, which motion was overruled, and an appeal taken to this court.

The errors assigned are that the trial court erred in overruling the demurrer to the complaint and in refusing to grant a new trial. These two assignments of error present but one question, and that is whether appellee can recover the minimum wages provided by law, or whether she is limited to the wages provided in the written contract.

The complaint avers and the evidence clearly shows that both parties to the contract intended that the term for which

appellee was employed to teach should begin on September 1, 1905, and that, by mistake, the printed date, 1902, was permitted to remain in the contract; but appellant takes the position that this contract was entered into by both parties in violation of a statute, that it is therefore illegal, and that a court of equity will not lend its aid to reform an illegal contract. If this contract is illegal and void it cannot be reformed, and no action can be brought to enforce it. *Davis* v. *Leonard* (1879), 69 Ind. 213.

It is a general rule of law that a contract is void which, in its enforcement or execution, involves the doing of an act *malum in se,* or against public policy, or in violation of a statute. Contracts of this kind are held to be unenforceable, because it is the policy of the law not to permit an action against one for not doing an act which would expose him to a criminal prosecution, or be against public policy. The same general rule applies to contracts involving acts not immoral or criminal in themselves, but which are prohibited by statutes under penalty, but to the latter class of cases there are numerous exceptions, as valid and binding as the rule itself. If the act specified is made a crime as to one of the parties, for the purpose of protecting the adversary party to the contract against oppression or extortion, the statute will be applied with that purpose in view, and a contract in violation of such statute, will not be held void to the prejudice of the party whom it was intended to protect. *Lester* v. *Howard Bank* (1870), 33 Md. 558, 3 Am. Rep. 211; *Gray* v. *Roberts* (1820), 2 A. K. Marsh. (Ky.) 208, 12 Am. Dec. 383.

The contract sued on in this case does not contemplate the doing of any act of a criminal or unlawful character. The objects of the contract are legal and commendable in the highest degree. The contract is in proper form, and its terms are all legal and binding, ex-

cept one, and that is in reference to the compensation to be paid to the teacher. The statute quoted made it a misdemeanor, punishable by a fine, for the school officer to contract to pay appellee less than $45.50 a month. By contracting with her at the rate of $35 a month he violated this statute, and became liable to its penalty. The law was evidently intended to protect the teachers, and it will be construed so as to carry out the purpose and intent of the legislature. *Deming* v. *State, ex rel.* (1864), 23 Ind. 416.

The teacher, by entering into a contract to teach for a compensation less than that which the statute prescribes, is not *in pari delicto* with the school officer who exacts such a contract. Under certain circumstances the court will relieve a party to a contract which the other was prohibited from making. *Irwin* v. *Curie* (1902), 171 N. Y. 409, 64 N. E. 161, 58 L. R. A. 830; *Tracy* v. *Talmage* (1856), 14 N. Y. 162, 67 Am. Dec. 132.

In the case of *Lester* v. *Howard Bank, supra,* the court after reviewing a number of English decisions, said: "Whether the action was maintained in these cases upon the ground that the principle of *pari delicto* did not apply, because the contracts were prohibited by statutes passed for the purpose of preventing one set of men from taking advantage of the necessities of others, or upon the broader ground taken in some of the American cases, that the statutes designated the criminal by prescribing punishment against one party to the contract only, is, in our view, and for the purposes for which they are referred to, quite immaterial. They prove conclusively that one common consequence does not attach to every contract made in violation of positive law, and further than this, that in determining the question as to whether the doctrine of *pari delicto* will operate as a bar to relief, courts will look to the statute itself—the objects and purposes for which it was passed—in order to ascertain, in the langauge of Lord Ellenborough, 'the true sense and intention of the legislature.' "

The court clearly had the right to reform the contract as to the date indicating the year in which the school term referred to therein was to begin, and, as we understand it, this was the only reformation asked for or granted. There was no reformation as to the amount of compensation provided in the contract.

The law requires that the contracts of teachers shall be in writing, and that an action for a teacher's salary must be based upon a written contract. There can be no recovery based upon an oral contract or on a *quantum meruit*. Appellant claims that as the action of appellee is based on the written contract, which provides for a compensation of $35 a month, she is limited in her recovery to such amount, and that as the complaint shows that the compensation provided in the contract had been paid, the demurrer should have been sustained. Such a holding would have the effect of completely nullifying the statute under consideration, so far as it was intended to secure to teachers a certain salary based upon the general average as shown by their licenses. School officers could then contract with teachers at any price they might see fit to impose, and the teachers would be without remedy. It is true that the school officer violating the act would be liable to a fine not exceeding $100 for each offense, but this, while it might have a tendency to deter the officer from committing the act, would be of no benefit to the teacher. Such was not the purpose of the act.

By the statutes under consideration, the minimum wages of teachers in the public schools are fixed by law, and are no longer a subject for negotiation or contract. The school officer and the teacher may contract for a compensation to be paid to the teacher, greater than the minimum wages fixed by law if they so elect, but they cannot contract for less. Any effort to contract for less wages is absolutely void as to the amount stated, since the law writes into every such contract the minimum compensation provided by statute.

This statute is to be construed in much the same way as the statute fixing the maximum rate of interest. Where such statutes are in force, the lender may contract for a less rate of interest, but he has no power to contract for more, and where he does, the excess contracted for above the legal rate is absolutely void, and the law writes the legal rate of interest into all such contracts, except in cases where other or different penalties are provided by the statutes on the subject of usury.

There is some analogy between the statute under consideration, fixing the minimum wages of teachers, and the statutes of the United States, providing for the fixing of freight rates of common carriers by the interstate commerce commission. Where a freight rate has been fixed, as provided by statute, the courts have held that the rate in any given shipment ceases to be a matter of negotiation and contract between the parties. *Baltimore, etc., R. Co.* v. *La Due* (1908), 112 N. Y. Supp. 964, 128 App. Div. 594; *New York Cent., etc., R. Co.* v. *Smith* (1909), 115 N. Y. Supp. 838, 62 Misc. 526; *Texas, etc., R. Co.* v. *Mugg* (1906), 202 U. S. 242, 26 Sup. Ct. 628, 50 L. Ed. 1011; *Gulf, etc., R. Co.* v. *Hefley* (1895), 158 U. S. 98, 15 Sup. Ct. 802, 39 L. Ed. 910; *Texas, etc., R. Co.* v. *Abilene Cotton Oil Co.* (1907), 204 U. S. 426, 27 Sup. Ct. 350, 51 L. Ed. 553; *Fisher* v. *Great Northern R. Co.* (1908), 49 Wash. 205, 95 Pac. 77; *Armour Packing Co.* v. *United States* (1908), 209 U. S. 56, 28 Sup. Ct. 428, 52 L. Ed. 681.

In the case of *Baltimore, etc., R. Co.* v. *La Due, supra,* the court said: ''Every contract of carriage by a common carrier, engaged in interstate commerce, must, as a matter of law, be at the rate fixed and established as provided by statute, and no agreement as to the rate to be charged is valid or enforceable if it varies in any degree from the rate thus fixed and established. * * * The carrier is entitled to receive, and the shipper is required to pay, the rates fixed. No more can lawfully be demanded. No less can law-

fully be accepted. In an action, therefore, to recover excess charges, it is wholly immaterial whether or not any special agreement was made as to rates. If the rate charged corresponded with the established schedule, it was lawfully charged. If it did not so correspond, it was unlawfully charged, and the excess may be recovered.''

Appellant was required by law to pay appellee, in case of her employment as a teacher in the public schools, the salary provided by law, which in her case was $45.50 a month. The compensation fixed by the contract, being less than that provided by statute, is invalid, ana the law writes into the contract the minimum compensation fixed by law. The statute completes the contract, by supplying the legal compensation provided by law in place of the illegal compensation attempted to be imposed by the contract, and upon this contract appellee is permitted to recover.

Having reached this conclusion, it follows that the trial court committed no error in overruling the demurrer to the complaint, and, as the evidence sustains every material allegation of the complaint, there was no error in overruling appellant's motion for a new trial. Judgment affirmed.