THE CITY OF CHICAGO, in trust, etc., *vs.* HENRY GILSDORFF *et al.*—(JACOB GLOS, Appellant, *vs.* FRANK O. LOWDEN, Appellee.)

*Opinion filed April 19, 1913.*

1. APPEALS AND ERRORS—*party cannot take advantage of error which does not injuriously affect his own rights.* In a court of review a party cannot take advantage of an error which does not injuriously affect his own rights.

2. SAME—*when party cannot take advantage of alleged errors as to unknown owners.* Where the holder of a tax deed appears in a condemnation proceeding and presents his case to the court, which is properly authorized to hear and determine the case as to him, he cannot urge as error, on appeal, that there was no proper service upon non-resident and unknown owners or that their interests were not properly protected during the time allowed for suing out a writ of error.

3. EVIDENCE—*objection that certificate to copy of the record is not signed should be specific.* An objection that the certificate of the recorder to the certified copy of the record of a deed was not signed must be specific, so that it may be obviated by amendment, and it is not sufficient to object generally that the offered evidence is "immaterial, irrelevant and incompetent."

4. SAME—*when prima facie proof of title is sufficient.* In a condemnation case, where one of the defendants files a cross-petition to establish title in himself to one of the lots and the original petitioner and all of the defendants admit, by default, the title averred in the cross-petition, except one defendant who holds an invalid tax title and does not claim to have a valid title to the lot, *prima facie* proof of title is sufficient to support the cross-petition.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

JOHN R. O'CONNOR, for appellant.

ROBERT ZALESKI, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

The city of Chicago, in trust for the use of the schools, instituted a proceeding in the circuit court of Cook county to condemn lots numbered from 9 to 16, inclusive, in H. C. VanSchaack's re-subdivision of block 16 in Beebe's subdivision of the east one-half of the north-west quarter (except five acres in the north-east corner thereof) of section 2, township 39, north, range 13, east of the third principal meridian. The petition named sixteen persons, including Frank O. Lowden and Jacob Glos, as persons interested in the premises and made them parties defendant. It was also alleged that there were other persons whose names were unknown who had or claimed an interest in the premises, and such persons were made defendants by the description of "unknown owners." All of the defendants named in the petition were personally served with summons except one Charles A. Allen, trustee. Service was had upon Allen and upon the "unknown owners" by publication in the *Chicago Daily Law Bulletin.* On March 1, 1912, Frank O. Lowden appeared and filed a petition in the cause, claiming to be the owner in fee simple of lot 16 of the property sought to be taken, making Jacob Glos and each of the other defendants to the original petition defendants to his petition, and praying that such defendants be required to answer the same, that his rights and interest be ascertained and declared by the court, and that a jury be empaneled to award compensation for the taking of his property. Jacob Glos answered this petition, claiming to own said lot 16 under a tax deed issued to him on September 9, 1908, and denying that Lowden had any interest in said lot. On May 1, 1912, a jury was empaneled in the cause and returned a verdict awarding "to the owner of and parties interested in" said

lot 16 the sum of $400. On May 6, 1912, the court rendered judgment on the verdict, and directed the petitioner to pay to the county treasurer of Cook county, for the benefit of the owners of and persons interested in all of said lots, the sum of $17,705, being the total of all awards, as compensation, and $15 for costs taxed in favor of defendants. Afterwards, on June 18, 1912, the cause was heard by the court, without a jury, upon the petition of Lowden and the answer of Glos thereto. The petition was taken as confessed against all of the other defendants and an order to that effect was entered. Upon the issue made by this petition and answer the court found that Lowden was the owner in fee simple of said lot 16 and was entitled to the entire award for the taking of the said lot and ordered the county treasurer to pay to him the sum of $395, and, with the consent and at the request of Lowden, to pay to Jacob Glos, as full reimbursement for all his claims, the sum of $8, being the balance of the $400 award and $3 costs which had been taxed in favor of Lowden in accordance with the condemnation judgment. From this order of June 18, 1912, Jacob Glos has prosecuted an appeal to this court, and urges as grounds for reversal, first, that the court did not have jurisdiction of the defendants who were served by publication because the certificate of publication was not properly executed; second, that as the decree, so far as it affects the rights of those made defendants by the description of "unknown owners," cannot become final until the expiration of three years from the entry of the decree, the entire fund should have been left with the county treasurer until the expiration of such period; and third, that there was no competent evidence to support the finding that Lowden was the owner of said lot 16, the basis for this contention being, that, except testimony showing that Lowden was in possession of said lot, the only evidence offered by Lowden to prove title was a purported copy of the record of a deed from Henry C. VanSchaack and wife to Lowden, to which

was attached a certificate, under date of April 12, 1912, to the effect that the same was a true and correct copy of the record of an instrument filed in the office of the recorder of deeds of Cook county on September 25, 1894, and recorded in book 4772 of records, at page 597, but the certificate was not signed.

As to the first and second grounds urged, it is sufficient to say that appellant, Glos, is not interested in the question whether proper service was had upon the non-resident and unknown owners or whether their interests were properly protected during the time allowed them for suing out a writ of error. The court was properly authorized to hear and determine the case as to him, and it is immaterial whether error may have intervened as to other defendants, as it in nowise affected him. It is well settled that in a court of review one cannot take advantage of an error that does not injuriously affect his own rights. *Bowman* v. *Venice and Carondelet Railway Co.* 102 Ill. 459; *Allen* v. *City of Chicago,* 176 id. 113.

As to the third ground assigned for error, it appears that on the trial appellee, after laying the foundation for the introduction of secondary evidence, offered what purported to be a certified copy of the record of a deed conveying said lot 16 to him. This was objected to on the ground "that it is immaterial, irrelevant and incompetent and not tending to support any issue in the case, and does not establish title in Frank O. Lowden to the premises described in his petition or in this certified copy." It now develops that while the certificate attached to the copy of the deed was in proper form and was impressed with the official seal of the recorder it was not signed by him, and it is the contention of appellant that it appears from an inspection of the document itself that it lacks the necessary elements to make it competent evidence. The only basis presented for this contention is the fact that the recorder failed to sign the certificate. We are of the opinion that

this defect was not reached by the general objection made but could only have been properly presented by a specific objection. The material part of the evidence offered was the contents of the deed itself, as appellee was endeavoring to show title in himself to the property. The original deed, or a certified copy of the record thereof, was competent evidence. The objection made was too general to save special objection not going to the relevancy or competency of the contents of the instrument. (*Gage* v. *Eddy,* 186 Ill. 432; *Cantwell* v. *Welch,* 187 id. 275.) If the specific objection which is now urged had been made at the time the instrument was offered the omission might have been supplied and the objection obviated. Indeed, it is uncertain from this record whether the certificate is, in fact, deficient. The certificate begins: "State of Illinois, County of Cook, *ss.*—I, Abel Davis, recorder, * * * do hereby certify," etc. It does not appear whether this was a printed form or whether it was, in fact, written by the recorder himself. The instrument is attested by the official seal of the recorder. In any event, this question could not be raised by the general objection made, and it was not error for the court to overrule it.

Appellant further contends that appellee's proof of title was insufficient, for the reason that, at best, he has only made *prima facie* proof of title. The original petitioner, and all the defendants except Glos, defaulted in the petition filed by appellee and thus admitted his title. Appellee has no controversy with anyone except appellant, the holder of an invalid tax title. Appellant does not claim that he has a valid title to the lot. Under these circumstances the *prima facie* proof of title made by appellee was sufficient.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*