(No. 11779.—Decree affirmed.)

EDNA G. THACKABERRY, Appellant, *vs.* M. G. KIBBE *et al.* Appellees.

*Opinion filed June 20, 1918.*

1. SPECIFIC PERFORMANCE—*specific performance rests in discretion of chancellor, to be exercised as circumstances require.* The granting of specific performance of a contract is not a matter of absolute right but rests in the sound discretion of the chancellor, to be exercised as the circumstances and the equities between the parties may require, as it is only on the principle that it is unjust and inequitable to permit a contract to remain unexecuted that a court of chancery assumes jurisdiction to enforce it.

2. SAME—*when appellees cannot assign cross-error on failure to cancel a contract.* On appeal by the complainant in a bill for specific performance from a decree dismissing both the original bill and a cross-bill to cancel the contract as a cloud on title, the appellees cannot assign cross-error on the dismissal of the cross-bill, where at the time of the hearing they had conveyed the property to a person not a party to the record.

3. CLOUD ON TITLE—*complainants must allege and prove title in themselves.* In order to maintain a bill to cancel a contract or other instrument as a cloud upon title the complainants must allege and prove title in themselves.

APPEAL from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

HOLT, CUTTING & SIDLEY, for appellant.

E. A. ABORN, and WARREN PEASE, for appellees.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

Edna G. Thackaberry, appellant, filed her bill in the circuit court of Cook county for the specific performance of a contract against M. G. Kibbe and wife, Irving Shuman and wife, Francis J. Johnson and the Chicago Title and Trust Company, individually and as trustee. M. G. Kibbe and Irving Shuman filed a cross-bill for the purpose of having the contract canceled as a cloud on their title. All of

the parties to the original bill and to the cross-bill filed answers, to which answers replications were filed. The circuit court dismissed both bills for want of equity. On her appeal to this court appellant has assigned errors on the dismissal of her bill, and cross-errors have been assigned by appellees Kibbe and Shuman on the dismissal of their cross-bill.

The contract in question was entered into between appellant and M. G. Kibbe and was dated May 30, 1915. By the contract Kibbe agreed to convey to appellant lots 3, 4 and 5 in Bigelow & Byford's subdivision, known as 4901, 4902 and 4903 Lake Park avenue, in the city of Chicago, and all improvements thereon, subject to a mortgage or trust deed for $30,000, then past due, by warranty deed to be executed by himself and wife, and he further agreed to renew the loan for five years at six per cent. To the agreement was added this clause: "If loan cannot be made for five years same must be adjusted satisfactory to both parties." In consideration of the foregoing, appellant by the contract agreed to convey to Kibbe, by warranty deed to be executed by herself, and subject to a mortgage of $2250 due in June, 1915, real estate situated in the county of Green Lake, State of Wisconsin, otherwise described as "summer home at Green Lake, as shown by pictures furnished." She further agreed to renew for two years, at six per cent, the loan of $2250 and to pay Kibbe $5000 in cash. Interest and insurance were to be adjusted as of June 1, 1915. The 1914 taxes and "specials now due" were to be paid by present owners. Each party was to furnish the other, within fifteen days, a proper abstract of title showing good and sufficient title to the respective properties in each grantor, and each was to pay his or her own commission, attorney's fees and all other costs incident to his or her part of the negotiations. Deeds were to be passed and all negotiations closed within thirty days from the date of the agreement, and time was declared to be of the essence of the contract.

From the testimony of appellant, when considered alone, it appears appellant furnished a proper and satisfactory abstract showing good and sufficient title in her to the property which she was to convey to Kibbe; that she had extended for two years the loan to her of $2250, as she had agreed, and that she was at all times ready, willing and able to pay the $5000 cash to Kibbe when he should do all the things required of him to do under the contract. She produced on the trial and tendered to Kibbe a proper warranty deed to her property, and made proof in court by one of her witnesses that she then had the sum of $5000 ready to be delivered to him to make said cash payment, and her counsel offered in court to deliver said deed and money to Kibbe and the tender was refused by Kibbe.

In defense of appellant's bill Kibbe made proof that after they had entered into the contract he undertook to renew the $30,000 loan on his property but was unable to have the same renewed for five years according to his agreement, either by the party who had loaned him the money for which the property was then mortgaged as security or to induce any other parties to make such a loan, and that he had interviewed all the parties known to him likely to consider favorably the making of such a loan to him and that he had on several occasions so informed appellant. His proof also showed that he was able to obtain from one or more parties a $25,000 loan on his property at the rate he contracted for and for the term of five years and that he so informed her, and he offered, if she would pay him the $5000 on her contract, to apply said sum in reducing the $30,000 loan to $25,000 and to accept from her a second mortgage for the other $5000 to run five years at six per cent interest. According to the testimony produced by Kibbe, her reply to him as to his proposition of obtaining a loan for $25,000 and himself carrying the other $5000 loan as a second lien was that she could not furnish or raise the $5000, and that she wanted to raise her $5000 by having

someone loan her that amount on the property Kibbe was to deed her, subject to the $30,000 loan to be extended by him. Kibbe's reply to her was, in substance, that he was unable to see how she could obtain a loan of $5000 subject to a $30,000 lien if he was not able to obtain the $30,000 loan or to extend the one that he already had.

Without going into details as to the evidence in the record, it is sufficient to say that the court was warranted in finding that Kibbe had established the foregoing facts relied upon by him as his defense by the greater weight of the evidence. It is true that appellant offered proof at the trial, by her own testimony and by that of Hyman J. Rosenberg, that Rosenberg had agreed to and was willing to loan her $5000 on the Kibbe property subject to the $30,000 loan that Kibbe was to have extended, and by the further testimony of Matthew Stein that he was willing to make such a loan to her subject to the $30,000 loan. It does not appear from the evidence that Kibbe was ever informed of such facts until the trial. So far as Stein's offer is concerned, it only appears that he had made such an offer to her after the bill in this case was filed. Rosenberg was her counselor and adviser in the conducting of the transaction leading up to the consummation of the exchange of land by appellant and Kibbe mentioned in the contract. While Kibbe's proposition and offer to appellant to obtain the loan in question in the sum of $25,000 and to carry a loan of $5000 himself for the five years was not an exact and literal compliance with his contract still it was a substantial performance of it, and, according to the evidence in the case, was the very best that he was able to do. Besides, the further testimony of Kibbe was, in substance, that he at all times made demand on the appellant that she pay to him the $5000 in money, and that she informed him that she had not been able to raise the $5000; that she had applied to Kibbe and Shuman to help her raise the $5000 upon other property owned by her that was heavily incumbered

by mortgage liens, and that they had a list of such property given them by her and after a thorough consideration of the same found that it was not within the probabilities that she could obtain the money. In other words, the claim of Kibbe is that she utterly failed to perform her part of the contract as to the furnishing of the $5000 in cash. That she so failed was established by the testimony of Kibbe and Shuman, and their testimony was corroborated by at least two other witnesses. The testimony of these four witnesses was only contradicted by the testimony of appellant, with some corroboration by one other witness and by the testimony of Rosenberg. The court was therefore warranted in finding from the evidence that Kibbe had offered to perform his contract and was willing and able to do so in all particulars save the one of having the loan of $30,000 extended, and that he had offered a substantial performance thereof, which appellant declined to accept; that appellant, while she was ready, willing and able in all other particulars to perform her contract, was not able to furnish the $5000 in money; that Kibbe had extended the contract fifteen days at her request to enable her to furnish the money, and that on August 4, 1915, after the fifteen days' extension had expired, he broke off further negotiations with her and declared the deal off. Other counter-propositions were offered by Kibbe to appellant, and by appellant to Kibbe, differing from the terms of their contract, but it is not necessary to consider them here.

On August 5, 1915, after Kibbe had declared the deal between him and appellant terminated for failure of appellant to perform her part of the contract, he deeded the property in question to appellee Shuman, who was already the equitable owner of one-half of the property, the title standing in the name of Kibbe. Shuman had this transfer made because the party who had the $30,000 loan on the property was pressing Kibbe for payment and threatening to foreclose unless he did pay or make a satisfactory ar-

rangement for paying the same. Kibbe was not financially responsible because not a man of means. · The lienholder claimed that the building on the property was too old and out of repair to be safe security for that sum of money. Shuman was a man of means and financially responsible, and the lienholder was willing to extend the loan to him if he would take title from Kibbe to the property and give his personal note and a mortgage on the property. According to the evidence he took the title for the foregoing reasons and to save foreclosure and expenses of the same, Kibbe remaining the equitable owner of one-half of the premises. · Afterwards Kibbe and Shuman conveyed the property to appellee Johnson, and Johnson conveyed it to one Togue, who is not a party to this suit. Kibbe and Shuman now own no interest whatever in the premises and obtained a ranch in Michigan for the same.

Appellant insists that the very fact that Shuman was able to have the $30,000 extended is proof to a certainty that Kibbe could have done the same thing, and that as the contract between appellant and Kibbe was recorded before the transfers (beginning with Kibbe's transfer to Shuman) were made, appellant is entitled to specific performance. We are unable to agree with the appellant's contention. If Kibbe was not able to obtain the extension of the loan Shuman was justified in acting to save himself,—*i. e.,* to take title to himself and have the loan extended if done in good faith. Shuman was under no obligation to the appellant to make himself personally responsible for the $30,000 note and then to transfer the property to her subject to that incumbrance. She, too, is shown by this record to have been in financial straits, and, in fact, asked that the deed to the property be made to one of her relatives not shown to be financially responsible, and gave as a reason that she was threatened and embarrassed with outstanding judgments against her. It would be altogether inequitable to require Shuman and his purchasers to perform Kibbe's contract,

and thus subject Shuman to a possible loss on his personal notes aforesaid, upon any theory except that his interference was not in good faith and for the purpose of saving himself but for the purpose of defrauding appellant. The evidence makes no showing in this record that his action was other than in good faith and to save himself. The court therefore was warranted in denying specific performance upon the ground that appellant and Kibbe both were unable to carrry out their contracts, and upon the further ground that it would be inequitable to do so as against Shuman and his grantees. The granting of specific performance of a contract is not a matter of absolute right but rests in the sound discretion of the chancellor, to be exercised as the facts and circumstances and the equities between the parties may require. (*Africani Loan Ass'n* v. *Carroll*, 267 Ill. 380.) It is only on the principle that it is unjust and inequitable to permit a contract to remain unexecuted that a court of chancery assumes jurisdiction to enforce it. *Hatch* v. *Kizer*, 140 Ill. 583; *Woods* v. *Evans*, 113 id. 186.

The proof shows, as aforesaid, that at the time of the hearing in this case one Togue was the owner of the Kibbe property mentioned in the contract and is not a party to this record. Kibbe and Shuman, who assigned cross-errors, have no further interest in the property and have not in this record shown any reason for the claim that they would be injured by enforcing the contract in question, and are therefore not entitled to have it canceled as a cloud on their title. In a court of review a party cannot take advantage of an error which does not injuriously affect his own right. To be entitled to have the contract removed as a cloud it is necessary for them to allege and prove title in themselves. *City of Chicago* v. *Gilsdorff*, 258 Ill. 212.

The decree of the circuit court is sustained by the evidence in the record, and it is therefore affirmed.

*Decree affirmed.*