LESLIE BOOTH et al. Appellants, vs. JOHN W. EDWARDS et al. Appellees.

*Opinion filed October 28, 1926.*

1. SPECIFIC PERFORMANCE—*when provision of contract is contrary to public policy.* A provision in a contract for a conveyance that in order to enable the purchaser to get a loan sufficient to take up an existing encumbrance the parties shall represent the purchase price as being considerably more than agreed upon, and, if necessary, draw up other papers to make such representation, virtually amounts to a conspiracy to obtain money by false representations and is contrary to public policy, and a court of equity will refuse to aid either party in the enforcement of the contract.

2. SAME—*general rule as to when specific performance is allowed.* Specific performance of a contract is not a matter of right but rests in the discretion of the court, and while this discretion cannot be arbitrarily exercised and the court will ordinarily grant relief where the contract is valid and fairly entered into, yet if the evidence shows circumstances which appeal to the good conscience of the chancellor the relief will be withheld, as it is only on the principle that it is unjust and inequitable to permit a contract to remain unexecuted that equity will enforce it.

3. EQUITY—*equity will refuse affirmative aid to parties to an illegal or fraudulent contract.* One applying to a court of equity for relief must come with clean hands and a clear conscience, and where a contract is illegal, immoral or against public policy, or has been entered into through fraud or to accomplish any fraudulent purpose, a court of equity, at the suit of one of the parties while the agreement is executory, will neither compel its execution nor decree its cancellation but will leave the parties in the exact position in which they have placed themselves, refusing all affirmative aid to any of the participants.

APPEAL from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding.

WALTER HAMILTON, for appellants.

MECARTNEY & DUFT, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

The superior court of Cook county by decree dismissed for want of equity a bill in chancery brought by appellants against appellees to compel the specific performance of a contract, by which appellees, upon certain conditions, agreed to convey to appellants certain real estate and which contract appellees had refused to carry out. This appeal has been perfected from that decree.

The purchase price of the real estate in question, which was encumbered by two mortgages, tax and other liens, was $4730, and it was agreed that as a part thereof appellants should remove these encumbrances. Both parties knew that appellants did not have the money to do this and that in order to re-finance the proposition it was necessary to procure a new loan from some third person, and it was provided in the contract that appellants should place a new first mortgage on the property and pay all expenses connected with the same, and that the balance of the purchase price of $4730, after deducting the amount of the encumbrances, should be secured by a second mortgage to appellees, payable at $30 a month for the first year and $40 per month thereafter until paid. The contract contained a provision that the agreement was to be an option on the purchase of the property, to expire in thirty days from the date thereof and was conditional upon the ability of appellants to secure a sufficient loan to complete the deal, and that the recording of the agreement by either party should constitute a violation of the same. One of the provisions of the contract was as follows: "It is also agreed by the first and second parties hereto, that in order to make it easy to get the loan on said property, that each of the parties hereto agree to represent the property as having sold for $7000, and that another set of contracts shall be drawn up, if necessary, to represent the same, in which second parties are to be represented as paying part in cash, part by second mortgage as above and part by first mortgage as above

stated, and that this contract is to be held in trust by R. Armstrong, agent, permanently and in strict confidence by all the different parties herein mentioned. But in no way shall the second parties be charged more than $4730 for the property in question."

The above provision of the contract was an integral part thereof and constituted a conspiracy on the part of both appellants and appellees to obtain money by false pretenses, and being in violation of the statute law of this State was therefore contrary to the public policy of the State of Illinois, which is to be found embodied in its constitution, its statutes, and, when these are silent on the subject, in the decisions of its courts. (*People* v. *City of Chicago*, 321 Ill. 466.) A decree for specific performance of a contract is not a matter of absolute right but rests in the sound discretion of the court, and while this discretion is not arbitrary or capricious but judicial, and a court will ordinarily grant specific performance where the contract is valid at law, fairly entered into and not contrary to public policy, yet if the evidence shows circumstances which are repugnant to the good conscience of the chancellor the relief will be withheld. (*Morris* v. *Curtin*, 321 Ill. 462.) It is only on the principle that it is injust and inequitable to permit a contract to remain unexecuted that a court of chancery assumes jurisdiction to enforce it. (*Thackaberry* v. *Kibbe*, 284 Ill. 199.) It is a fundamental principle of jurisprudence that whoever appeals to a court of equity for relief must do so with clean hands and with a clear conscience; and it is likewise a principle of equity that where a contract is illegal, immoral or against public policy or has been entered into through fraud or to accomplish any fraudulent purpose, a court of equity will not at the suit of one of the parties, while the agreement is still executory, either compel its execution or decree its cancellation but will leave such parties in the exact position in which they have placed themselves, refusing all affirmative aid to any of the par-

ticipants. *Bestor* v. *Wathen,* 60 Ill. 138; *St. Louis, Jacksonville and Chicago Railroad Co.* v. *Mathers,* 71 id. 592; *Craft* v. *McConoughy,* 79 id. 316.

The clause in question being an integral part of the contract the entire contract was tainted with fraud, was against public policy, and both parties having knowingly and understandingly subscribed to it were *particeps criminis.* Appellants did not come into a court of equity with clean hands, and the contract was one of that character for the enforcement of which courts of equity have invariably refused to lend their aid. The superior court of Cook county therefore properly dismissed appellants' bill for want of equity.

*Decree affirmed.*