**CODY v LANDIS**

Ohio Appeals, 2nd Dist, Miami Co

No 406. Decided June 30, 1941

KLINGER, PJ. and GUERNSEY, J. (3rd Dist.), sitting by designation.

## OPINION

By GUERNSEY, J.

This is an appeal on questions of law and fact from a judgment of the Court of Common Pleas of Miami County, Ohio.

The action is one for the specific performance of a written contract for the sale of real estate.

The case is submitted to this court upon the original pleadings filed in the Common Pleas Court, consisting of the petition of the plaintiff, Frank J. Cody, the answer of the defendant, Mary E. Landis, and the reply thereto of the plaintiff, Frank J. Cody, and a motion for judgment on the pleadings filed by the defendant, Mary E. Landis, in this Court, and subject to the decision of this Court on said motion, is submitted on a transcript of the proceedings had on the trial of the action in the Common Pleas Court and a transcript of testimony taken before Renna R. Spitler, notary public in and for Miami County, appointed by the court as commissioner for the purpose of hearing and transcribing further testimony in this case.

In his petition, the plaintiff Frank J. Cody alleges that on the 4th day of June, 1938, the defendant was the owner of certain premises particularly described in the petition, situated in the City of Troy, Miami County, Ohio, and that on said date the plaintiff entered into a contract with the defendant for the sale of the above described premises, a copy of which contract is attached to the petition,

Kerr, Kerr & Kerr, Troy; Carl B. Felger, Covington, for plaintiff-appellee.

W. A. Haines, Troy; Michael E. Norris, Troy, for defendant-appellant.

made a part thereof, and marked Exhibit A.

Plaintiff further alleges that under the terms of said contract defendant sold to the plaintiff the premises described "for an agreed price and the plaintiff made the down payment provided for in said contract and was to pay the sum of $2025.00 on or before July 1, 1938, and on the payment of said sum plaintiff was to receive a warranty deed from the defendant for said premises."

Plaintiff further alleges that he was to have possession upon the execution of the contract, for making repairs, and was to have entire possession on the execution of the deed and upon payment of the balance due, and that on June 16th he caused a tender to be made on his behalf, of the balance due, under the above contract, and had a deed prepared and ready to be signed by the seller, and that acting on his behalf, the person representing the party from whom plaintiff was securing the money, made the tender and requested the execution of said deed, which tender was refused by the defendant and defendant refused to sign said deed.

Plaintiff further alleges that he has, from the 16th day of June, 1938, been ready to perform all the conditions on his part to be performed under said contract and is at present ready, willing and able to perform all of the conditions of said contract and has done everything possible to be done by him to carry out the terms of said contract, and that from the date of the tender, to-wit, June 16, 1938, to the present date he has been ready, willing and able to perform his part of the contract and now tenders complete performance of same.

The copy of the contract attached to the petition contains a clause as follows: "The buyer agrees to pay for said property the sum of Thirty-two hundred ($3200.00) Dollars, payable as follows: One thousand one hundred seventy-five ($1175.00) Dollars upon the execution of this agreement, the receipt of which is hereby acknowledged by the seller, and balance of two thousand twenty-five ($2025.00) Dollars on or before the first day of July, 1938, and upon the payment of the balance due, a warranty deed will be delivered to the buyer by the seller for said premises."

In her answer, the defendant admits that she was on the 14th day of June, 1938, and is now the owner of the premises described in the petition and contract attached thereto, and that she entered into a written contract with the plaintiff for the sale of said premises, and that by the terms of said contract plaintiff was to pay the defendant the sum of $2025.00 on or before July 1, 1938, and denies each and every other allegation contained in said petition which is not in her answer specifically admitted to be true.

By way of a second and further defense to the petition, defendant alleges that by the terms of the written contract, a copy of which is attached to and made a part of plaintiff's petition, and by direct reference made a part of her answer the same as if a written copy thereof was attached to the answer, the plaintiff, designated as buyer in said contract, agreed to pay the sum of $3200.00, payable $1175.00 upon the execution of said agreement and the balance of said consideration price of $2025.00 on or before July 1, 1938.

Defendant further alleges that when said written contract was executed and delivered to said plaintiff, plaintiff did not pay the consideration price of $1175.00 provided by the terms of said contract, and has failed and neglected to pay said sum of $1175.00 as stipulated in said agreement, upon the execution of said agreement, and still fails and neglects to pay the same; and further alleges that because of plaintiff's own neglect and failure to carry out the terms of said written agreement, said transaction was thereby cancelled.

Defendant further alleges that on the 1st day of July, 1938, she tendered to said plaintiff a warranty deed for said premises and demanded payment to her of said sum of $3200.00 as provided for in said written agreement, and that said plaintiff then refused and still refuses to pay said sum of $3200.00, and that by reason of such refusal on the part of the plaintiff she is under no obligation to the plaintiff under the terms of said contract.

To this answer, plaintiff filed a reply which, omitting the caption and formal parts, is in the words and figures following, to-wit:

"Now comes the plaintiff herein and for reply to the answer filed herein says that the amount shown by the contract was a 'Boosted' amount in order that the price named in the contract might be of assistance in procuring a loan or resale in case the purchaser, or a person lending money, should ask to see the contract, but that the total amount due the defendant was $2025.00, and that amount was the real purchase price and not the $3200 therein named.

"Plaintiff admits that defendant tendered plaintiff a warranty deed and demanded the sum of $3200.00.

"Plaintiff further replying denies each and every other allegation in said answer contained."

Giving the reply the construction most favorable to the plaintiff, it amounts to an admission that the down payment of $1175 on the purchase price of the property agreed to be purchased by plaintiff, the receipt of which is acknowledged by the seller in the contract, was not paid, and an averment that although under the terms of the written contract plaintiff agreed to pay the defendant the sum of $3200 for the real estate, the real consideration that the plaintiff was to pay was the sum of $2025. and that said sum of $3200 designated as the purchase price in the contract was a fictitious figure put in the contract for the purpose of deceiving persons who may be interested in purchasing said premises or loaning money thereon, as to the price at which plaintiff had purchased said premises.

In an action upon a contract a recital in such contract of the receipt of all or part of the consideration named therein may be controverted without pleading or proving facts warranting a reformation of the contract, but where the party attempting to enforce such contract bases his right to enforcement on terms varying from the terms of the written contract he must plead and prove that the terms upon which he bases his right were agreed to by the parties to the contract and that the variance between such terms and the terms of the written contract resulted from either fraud or mutual mistake entitling him to a reformation of the contract in the respects mentioned. **B. & O. R. R. Co. v Bing, 89 Oh St 92; Globe Insurance Company v Boyle, 21 Oh St 119.**

In the instant case no facts are pleaded in the reply showing that the variances between the provisions of the written agreement and those pleaded in the reply resulted from either fraud or mutual mistake, and as such facts are not pleaded, the written contract, under the pleadings, is not subject to reformation and its terms as to the amount of the purchase price to be paid by plaintiff for the premises and the manner of paying the same govern the enforcement of the contract notwithstanding the allegations of the reply as to different terms.

The legal effect of the reply is to admit the failure of the plaintiff to make the down payment prescribed in the written contract and consequently noncompliance with the terms thereof, which would bar him from any relief on the cause of action stated in the petition.

Furthermore, under the allegations of the reply mentioned, an integral part of the contract as pleaded in the reply constituted an agreement to misrepresent selling price for the purpose of deceiving persons who might be interested in purchasing or loaning money on such promises. This constituted a conspiracy on the part of both parties to the contract to obtain money by false pretenses, which is contrary to the public policy of this state. The plaintiff as a party to such conspiracy is guilty of inequitable conduct directly involved in the transaction upon which his cause of action is based, precluding him from relief by way of specific performance of such contract in a court of equity. Booth et al v Edwards et al, Supreme Court of Illinois, 153 N. E. 677.

As this case, upon the appeal upon questions of law and fact, stands for trial de novo in this court, the court may consider motions or demurrers made to the pleadings before the submission of the evidence. While the provisions of §11601 GC, relating to judgments on pleadings, appear in that part of the General Code of Ohio relating to procedure in the Common Pleas Court, the Court of Appeals, in the exercise of its appellate jurisdiction in the trial of chancery cases, may on motion for judgment on the pleadings, made before it, apply the provisions of such section; and even if such section did not exist, this court in the exercise of its appellate jurisdiction in the trial of chancery cases, may, either upon motion of a party, or sua sponte, dismiss a petition where consideration of all the pleadings reveals that the petitioner has no cause of action, or does not come into court with clean hands, and a petition may be dismissed on the latter ground irrespective of whether the defendant has invoked the clean hands maxim. 19 American Jurisprudence, 324, 325, 326.

The motion of the defendant for judgment on the pleadings will therefore be granted upon the grounds, first, that the pleadings affirmatively show that the plaintiff has no cause of action against the defendant; second, that the pleadings affirmatively show that the agreement sought to be enforced by the plaintiff contained as an integral part thereof a conspiracy to commit a fraud, precluding him from enforcing the same in a court of equity.

While the granting of the motion mentioned renders unnecessary the consideration of the case on its merits, we have nevertheless considered the case on its merits.

From a consideration of the evidence we find no facts warranting the reformation of the contract to substitute the terms of the contract as pleaded in the reply, for the terms of the written contract; and we further find that the plaintiff has not made the down payment prescribed in the written contract, and that the fictitious figure named in the contract as the purchase price of the premises was so named in furtherance of a conspiracy to defraud. This being the case, we have reached the conclusion, on a consideration of the merits, that the plaintiff has no cause of action against the defendant and that the agreement sought to be enforced by the plaintiff contained as an integral part thereof a conspiracy to commit a fraud, precluding plaintiff from enforcing same in a court of equity.

Judgment and decree will therefore be entered dismissing plaintiff's petition at his costs.

KLINGER, PJ., concurs.